UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RUBEN ZAMORA-NUNEZ, | : | CIVIL NO: 1:CV-14-1098 |
| Petitioner, | : | |
| | : | (Judge Kane) |
| v. | : | |
| D. ZICKEFOOSE, | : | |
| | : | (Magistrate Judge Schwab) |
| Respondent. | : | |

**REPORT AND RECOMMENDATION**

In this federal habeas corpus petition brought pursuant to 28 U.S.C. § 2241, the petitioner, Ruben Zamora-Nunez ("Zamora-Nunez"), argues that he was stripped of good time credit following an incident at the Federal Correctional Institution in Forrest City, Arizona ("FCI Forrest City"), in violation of the Fifth Amendment's Due Process Clause. Because Zamora-Nunez has not shown that he exhausted administrative remedies, we recommend that the habeas corpus petition be denied.

**I.    Procedural History.**

Zamora-Nunez initiated this action on June 6, 2014, by filing a § 2241 habeas corpus petition along with corresponding exhibits. *Doc. 1*. At the time he filed the petition, Zamora-Nunez was confined at the United States Penitentiary-Allenwood. He is currently confined at the United States Penitentiary in Pollock, Lousiana. In his petition, Zamora-Nunez contends that forty-one days of good

conduct time credit was unlawfully taken from him after an incident at FCI Forrest City. *Id.* at 2. Zamora-Nunez alleges that this penalty is unlawful for four reasons: (1) the hearing officer was not impartial; (2) the hearing officer changed the violation code without giving Zamora-Nunez adequate time to respond; (3) there was a lack of evidence of guilt; and (4) he was convicted on conflicting theories in violation of due process. *Id*. at 6-8.

Zamora-Nunez also filed a motion for leave to proceed *in forma pauperis*, which the court granted. A show cause order was issued requiring the respondent, D. Zickefoose ("Zickefoose"), to show cause why Zamora-Nunez should not be granted habeas corpus relief. Zamora-Nunez then filed a motion to stay this case pending his upcoming transfer to another prison. The court granted in part and denied in part that motion; the court granted Zamora-Nunez an extension of time to reply to Zickefoose's response but otherwise denied his motion. Zickefoose also filed a motion for an extension of time to respond to the habeas corpus petition, which the court granted. Zickefoose then replied to said habeas corpus petition, but there has been no further communication or reply from Zamora-Nunez.

II.     **Factual Background.**

On May 31, 2012, an incident, outlined in Incident Report 2313126, occurred at FCI Forrest City allegedly involving ninety-five inmates including

2

Zamora-Nunez. *Doc. 1*, Exhibit A. Zamora-Nunez was penalized with the loss of forty-one days of good conduct time for his participation in the incident, after which he filed the current petition for a writ of habeas corpus. *Doc. 1* at 1-2. In this petition, Zamora-Nunez declares that he attempted to exhaust the remedies available to him but his appeals were rejected "for the most trivial of rules violation." *Id*. at 8. Zickefoose's response, however, outlines that Zamora-Nunez's administrative remedy record shows no evidence that he filed any administrative remedies during his incarceration. *Doc. 9*, at 3. If Zamora-Nunez had filed an appeal, the administrative remedy record would list it and the details surrounding its acceptance or rejection. *Id.* at 3-4. The lack of administrative remedy record for Zamora-Nunez indicates that he has not exhausted his administrative remedies and, therefore, Zickefoose requests that the court deny this petition. *Id*. at 1.

## III.   Discussion.

Although there is no statutory exhaustion requirement applicable to habeas petitions brought pursuant to 28 U.S.C. § 2241, the courts have created a rule that prisoners are ordinarily required to exhaust their administrative remedies before petitioning for a writ of habeas corpus pursuant to § 2241. *Moscato v. Federal Bureau of Prisons*, 98 F.3d 757, 760 (3d Cir. 1996). The basic rationale for the

exhaustion requirement is that judicial review may be facilitated by the agency's development of a factual record, that judicial time may be conserved if the agency grants the relief sought, and that administrative autonomy requires that an agency be given an opportunity to correct its own errors. *Arias v. United States Parole Comm'n*, 648 F.2d 196, 199 (3d Cir. 1981). Exhaustion of administrative remedies is not required, however, where administrative procedures are unavailable or incompetent to provide adequate redress or where exhaustion would be futile. *Gambino v. Morris*, 134 F.3d 156, 171 (3d Cir. 1998)(Roth, J., concurring) (exhaustion is not required when petitioner demonstrates that exhaustion is futile).

In order for a federal prisoner to exhaust administrative remedies, he must comply with the prison administrative remedy process set forth in the Code of Federal Regulations. Federal inmates may seek "formal review of an issue which relates to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). Generally, inmates are to, first, informally present their complaints to the staff in an effort to resolve the issue. *Id.* § 542.10(c). If that proves unsuccessful, the inmate is to execute a form to bring the matter to the attention of the warden, who is to respond to the matter within twenty calendar days. *Id.* §§ 542.14, .18. Appeals of a Discipline Hearing Officer's decision, however, must be submitted initially to the Regional Director for the region where the inmate is currently

located. *Id.* § 542.14(d)(2). An inmate has twenty calendar days to appeal. *Id.* § 542.15. An inmate who is not satisfied with the Regional Director's response may appeal to the General Counsel at the Bureau of Prison's Central Office within thirty days of the date of the Regional Director's response. *Id.* § 542.15(a). These time limits may be extended "when the inmate demonstrates a valid reason for delay." *Id.* § 542.15(a). "Valid reasons for delay include the following: an extended period in-transit during which the inmate was separated from documents needed to prepare the Request or Appeal; an extended period of time during which the inmate was physically incapable of preparing a Request or Appeal; an unusually long period taken for informal resolution attempts; indication by an inmate, verified by staff, that a response to the inmate's request for copies of dispositions requested under § 542.19 . . . was delayed." *Id.* § 542.14(b). "Appeal to the General Counsel is the final administrative appeal." *Id.* § 542.15(a).

The Federal Bureau of Prisons maintains computerized indexes of the administrative appeals filed by the above process for verification of all of the appeals filed by inmates. *Doc. 9*, Exhibit 1. If an administrative appeal is rejected, it is returned to the inmate with a written explanation of the reason for rejection. *Id.* § 542.17(b).

K. Michael Sullivan, a Senior Attorney employed by the United States Department of Justice, Federal Bureau of Prisons, states in his declaration that on July 14, 2014, a search of records was conducted to determine whether Zamora-Nunez had exhausted all available administrative remedies relating to the issues raised in his petition. *Doc. 9*, Exhibit 1. According to the computer print-out of Zamora-Nunez's administrative remedy filings with the Bureau of Prisons, he has not filed any administrative remedies during his incarceration. *Id*. This determination, along with Zamora-Nunez's lack of a reply to Zickefoose's response to the petition, leads us to conclude that Zamora-Nunez has not exhausted the administrative remedies available to him.

Because the time for Zamora-Nunez to use the administrative remedy process has passed, he has procedurally defaulted his administrative remedies. A prisoner's procedural default of his administrative remedies bars judicial review of his habeas petition unless he can show cause for the default and prejudice from the alleged violation of his rights. *Moscato,* 98 F.3d at 762; *Speight v. Minor*, 245 F. App'x 213, 215 (3d Cir. 2007). Here, Zamora-Nunez has not shown exhaustion of his administrative remedies, nor has he shown cause for his default. We are barred from review and must, therefore, deny his petition.

## IV.     **Recommendation**.

Accordingly, for the reasons stated above, **IT IS RECOMMENDED** that The Petition for a Writ of Habeas Corpus (*Doc. 1*), filed pursuant to 28 U.S.C. § 2241, be **DENIED.**

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Submitted this **2nd** day of **March, 2015.**

                                            ***S/Susan E. Schwab***
                                            Susan E. Schwab
                                            United States Magistrate Judge